UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE ALLEN OLIVER, | ) | CASE NO. 1:07 CV2988 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Dwayne Allen Oliver filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2241 against the United States of America on October 1, 2007. Mr. Oliver, who was incarcerated at the Belmont Correctional Institution in St. Clairsville, Ohio at the time he filed this petition, asserts that "his claim positions itself behind [the] principle of 'actual innocence,' . . . which wasn't a novelty or assumable at expiration of period in which to file a 28 U.S.C. §2255 motion." (Comp. at 2.) For the reasons stated below, the petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.

*Background*

A single count indictment was filed against Mr. Oliver in this court on February 14, 1996. *United States v. Oliver*, No. 4:96cr0050 (N.D. Ohio filed 2/14/96.) The indictment charged him with selling a controlled substance (crack cocaine) in violation of 21 U.S.C. § 841(a)(1). He entered a not guilty plea during his arraignment before Judge Dowd on February 16, 1996.

1

Mr. Oliver's attorney filed a Motion for Disclosure of Identity of Government Informant and a Motion to Suppress on March 6 and 8, 1996, respectively. A hearing was held on March 15, 1996, to address the defendant's motions. Six days after the hearing, Mr. Oliver appeared before Judge Dowd to change his plea to 'guilty.' The court ordered a Pre-Sentence Investigation (PSI) and scheduled a sentencing hearing for June 18, 1996.

In a letter to Judge Dowd, dated April 22, 1996, Mr. Oliver requested permission to withdraw his guilty plea based on ineffective assistance of counsel. Mr. Oliver expressed concern that his attorney would not permit him to listen to or read the tape transcript of a conversation between him and a confidential informant. Judge Dowd construed the letter as a *pro se* Motion to Withdraw Plea and scheduled a hearing to determine whether to appoint new counsel and a subsequent hearing to establish whether Mr. Oliver would withdraw his guilty plea.

Before the hearing was held, attorney Patricia Millhoff entered an appearance on behalf of Mr. Oliver. Judge Dowd cancelled the forthcoming hearing, relieved defendant's previous attorney from his appointment, and granted replacement counsel leave to formally file a motion to withdraw guilty plea.

A formal motion to withdraw guilty plea was filed by counsel on June 13, 1996. That same date the Assistant United States Attorney spoke with Mr. Oliver's attorney, who advised that her client wanted to withdraw the Motion to Withdraw Guilty Plea. In lieu of a brief in opposition to defendant's motion to withdraw plea, the United States Attorney attached a telecopy of his conversation with defendant's counsel regarding Mr. Oliver's desire to proceed to sentencing.

On June 18, 1996, the court held a sentencing hearing wherein Judge Dowd adopted the findings of the PSI, with the exception of finding that Mr. Oliver qualified under the

provisions of the 'safety valve' and, thus reduced his sentence to level 29. Defendant was then sentenced to 98 months in prison on count one with credit for time served in custody since January 20, 1996. Judge Dowd issued an order on June 19, 1996, granting Mr. Oliver's motion to withdraw his motion to withdraw his guilty plea.

*Analysis*

In his petition before this court, Mr. Oliver asserts that his right to due process was violated "when [the] charging instrument fails to provide real notice and counsel(s) deny meaningful adversarial testing by obstructing ability to prove actual innocence." (Pet. at 3.) Citing *Smith v. O'Grady*, 312 U.S. 329 (1941), Mr. Oliver claims he could not intelligently enter a plea of guilty because he failed to receive "real notice" of the charges against him. The basis for his belief rests on the fact that the evidence upon which the government relied was garnered through a confidential informant and was only presented in a preliminary exam, not set forth in the indictment.

In a secondary argument, Mr. Oliver maintains that both of his attorneys interfered with his ability to establish actual innocence. Without the benefit of legal support, he complains that a "redacted transcript of audio tapes falls considerably short of Respondent's burden attached by a suppression hearing. That is, without a detached neutral magistrate assessing verbatim of audio tapes, adversarial testing subsided to the moral attitude of Respondent."(Pet. at 4.) He seeks an order from this court setting aside his conviction based on his belief that it is not "constitutionally valid." Without "audio tapes being placed at true adversarial testing," Mr. Oliver states that his conviction cannot stand.

*28 U.S.C. § 2243*

In habeas proceeding, it is provided by statute that:

\* \* \*

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*

\* \* \*

28 U.S.C. § 2243 (emphasis added). It is evident on the face of the petition that Mr. Oliver is not entitled to habeas relief from this court.

*28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States,* 972 F.2d 23, 25-26 (2d Cir.1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(*citing United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.1977).

Thus, a federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [a § 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. §

2255 (last clause in fifth paragraph, the "savings clause"); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir.1999); *Capaldi*, 135 F.3d at 1123.

Mr. Oliver has not stated that his remedy is inadequate under § 2255. As a matter of law, a prisoner's remedy under § 2255 is not considered inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Furthermore, unlike other prisoners who have obtained review of their viable actual innocence claims under § 2241 because they did not have a prior opportunity to present their claims, *see, e.g., In re Davenport*, 147 F.3d 605, 609, 611 (7th Cir.1998), Mr. Oliver had the opportunity to raise his claim in a § 2255 motion to vacate. Consequently, there is no basis in law for this court's subject matter jurisdiction over petitioner's claim pursuant to § 2241.[1]

---

[1] Thus far, only a prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241. *See Lott v. Davis*, No. 03-6172, 2004 WL 1447645, at *2 (6th Cir. June 18, 2004)(unpublished)("it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause"); *see also Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.2003); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001)("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence"). Mr. Oliver has not presented any viable claim of actual innocence.

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


Dated: December 14, 2007

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."